UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **GAMALIEL MACIAS ET AL** | **CASE NO.  2:20-CV-00170** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **GRANGE INSURANCE CO ET AL** | **MAGISTRATE JUDGE KAY** |

### MEMORANDUM RULING AND ORDER

Before the Court is a "Rule 4(m)[1] Motion to Dismiss for Failure to Timely Serve S&S Millwright & Maintanance [sic] and Luke T. Rogers and Incorporated Memorandum in Support" [Doc. 10] wherein Defendants S&S Millwright & Maintenance, Inc. ("S & S"), and Luke T. Rogers ("Rogers"), through their counsel moves to dismiss without prejudice, Plaintiffs' Petition for failure to effect service. Alternatively, these Defendants request that the Court order Plaintiffs to serve S&S and Rogers within a specified time.

A review of the record indicates that Rogers was served on April 4, 2020[2] and the Court denied Defendants' motion to dismiss[3] as to this Defendant.[4] Also, the record indicates that S&S was served on April 20, 2020.[5]

---

[1] Federal Rule of Civil Procedure 4(m) provides in pertinent part:

> If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own motion after notice to plaintiff – must dismiss the action without prejudice against that defendant or order service be made within a specified time.

[2] Doc. 12 dated April 9, 2020.
[3] Doc. 10.
[4] Doc. 16.
[5] Doc.19.

Also before the Court is a "Motion to Dismiss S&S Millwright & Maintanance [sic] for Improper Service and Re-Urged Rule 4(M) Motion to Dismiss for Failure to Timely Serve S&S Millwright & Maintanance [sic]" ("Doc. 22")[6] filed by Defendant S&S. In this motion, S&S contends that it was never served noting that the Court granted Plaintiffs until May 29, 2020. Plaintiffs' proof of service was filed May 29, 2020.[7]

S&S informs the Court that Plaintiffs filed a copy of a certified mail return receipt addressed to Kyle Smith, S&S's Agent for Service of Process at 155 Kite Lane, Mohawk, TN 37810. S&S complains that the address upon which Smith was served is an incorrect address because the Secretary of State filings list 4150 N. Mohawk Rd. as the registered place of business.

S&S contends that Plaintiffs' attempted to serve Smith at the wrong address noting that according to the Tennessee Secretary of State's business filings, S&S is a dissolved Tennessee Corporation with its registered agent for service of process listed as Kyle S. Smith at 4150 N. Mohawk Rd. Mohawk, TN 37810. S&S is unclear as to where and/or how Plaintiffs obtained the 155 Kite Lane address for Smith.[8] S&S complains that Smith did not sign the return receipt and there is no evidence that he actually received a copy of the Summons and Plaintiffs' Petition.

In their opposition, Plaintiffs move for an Order permitting an extension of time to effect service on S&S if the Court finds that service has not been perfected.

---

[6] Doc. 22.
[7] Doc. 19.
[8] S&S advises that this address may be the home address of Smith.

## BACKGROUND

On or about January 6, 2019, Gamaliel Macias was operating his 2011 Ford F150 when he was rear-ended by Defendant Rogers who was driving a 2006 Ford van while in the course and scope of his employment with S&S; Ivette Alejandre, Aidee Alejandre and Miguel Alejandre were guest passengers.

Suit was filed in the 31st Judicial District Court of Jefferson Davis Parish, Louisiana on December 12, 2019. As previously noted, Plaintiffs attempted several times to serve Defendants including sending a letter and copy of the pleadings, via certified mail with return receipt requested to S&S at the address provided by the Tennessee Secretary of State. The USPS was unable to deliver the documents because S&S had moved and the forwarding address had expired.[9] Thereafter, Plaintiffs attempted service by mailing the Summons and Petition to Kyle Smith, the registered agent, at his home address—155 Kite Lane, Mohawk, Tennessee.

## LAW AND ANALYSIS

Federal Rule of Civil Procedure 4(h)(1) provides the method of service of process on a corporation, partnership, or association. When service is effected within the United States, it may take place in two ways:

(A)  in the manner prescribed by Rule 4(e)(1) for serving an individual; or

(B)  by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any agent authorized by appointment or by law to receive service of process and—by also mailing a copy of each to the defendant.

---

[9] Plaintiff's exhibit D, USPS tracking information.

Federal Rule of Civil Procedure 4(e) provides the method of service of process for serving an individual as allowed in 4(h)(1)(A). Rule 4(e) provides that an individual may be served in a judicial district of the United States by:

> (1) Following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made;

In Tennessee, a domestic or foreign corporation including a limited liability corporation may be served by delivering a copy of the Summons and complaint to an officer or managing agent or an agent authorized by law to receive service on behalf of the corporation.  Tenn. R. Civ.  P. 4.04(4).  A corporation may also be served by certified mail according to those specifications provided in Tenn. R. Civ. P. 4.04(10). Additionally, each corporation has a duty to maintain a registered office that may be the same as its places of business. Tennessee Code Ann. § 48-15-101. A registered agent may be an individual that resides in the state and whose business office is identical with the registered office. Id. If the registered agent resigns or is unable to perform its duties, the corporation must promptly designate another registered agent. Id.

Plaintiffs maintain that according to federal procedure and Tennessee law, a certified mailing to the registered agent of a Tennessee corporation is proper service. Plaintiffs assert with corroborating evidence that they have attempted to serve S&S on several occasions in compliance with federal procedure and Tennessee law.

Plaintiffs also present evidence that Kyle Smith, the registered agent for the now inactive S&S corporation was served via certified mail, through the USPS.  On the return

receipt, the signature block contains the following code—"ST 102 C19". Plaintiffs also provide evidence that this code was utilized by the USPS instead of a signature because the USPS carriers were not permitted to have direct contact with customers due to the COVID-19 pandemic. In addition, Plaintiffs have submitted an explanation from the Postmaster that the mail piece was delivered to Kyle Smith at the address listed on it. The Court finds that Plaintiffs have submitted sufficient proof of service of the Summons and Petition.

## **CONCLUSION**

The Court finds that proper service has been effected on S&S. Accordingly,

**IT IS ORDERED** that the Motions to Dismiss (Docs. 10 and 22) are hereby **DENIED.**

**THUS DONE AND SIGNED** in Chambers, on this 20th day of August, 2020.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**